J-S15013-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ADAM QUENTIN MICHAEL | |
| Appellant | No. 1254 MDA 2014 |

Appeal from the Judgment of Sentence June 25, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-SA-0000151-2014

BEFORE:  LAZARUS, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED APRIL 15, 2015**

Adam Quentin Michael appeals from the judgment of sentence imposed in the Court of Common Pleas of York County, following his conviction for driving under suspension.[1]  Upon careful review, we reverse.

On September 23, 2013, Patrolman Todd E. Wise of the Northern York County Regional Police Department initiated a traffic stop after he observed Michael make an illegal U-turn.  While issuing a citation for the one-way violation, Officer Wise learned that Michael's license was suspended.  Accordingly, Officer Wise also cited Michael for driving under a suspended license.

---

[1] 75 P.S. § 1543(a).

On February 4, 2014, Michael pled guilty before the Magisterial District Court to both offenses. Thereafter, Michael filed a summary appeal on the driving under a suspended license charge.

On June 25, 2014, the court held a hearing *de novo*. Officer Wise testified on behalf of the Commonwealth that Michael's driving privileges had initially been suspended because he failed to renew his inspection. The Commonwealth introduced into evidence a copy of the citation issued to Michael following the vehicle stop and a certified copy of Michael's driving record. Michael also testified on his own behalf, claiming that he never received notice that his license was suspended. Following the testimony, the court convicted Michael of driving under a suspended license.

On June 30, 2013, Michael filed a motion for reconsideration of verdict with the trial court. When the trial court did not respond, Michael filed a notice of appeal on July 22, 2013. On August 3, 2014, the trial court issued an order to schedule argument, but later concluded that it lacked jurisdiction over Michael's case and filed its Pa.R.A.P. 1925(a) opinion on October 16, 2014. In its opinion, the trial court conceded that the evidence was insufficient. Relying on **Commonwealth v. Crockford**, 660 A.2d 1326 (Pa. Super. 1995), the court held, "upon further review of the evidence presented, along with relevant case law, the trial court has determined that despite the evidence of mailing of the Notice presented by the Commonwealth, there is insufficient additional evidence of knowledge to

establish notice of the suspension beyond a reasonable doubt." Trial Court Opinion, 10/16/14, at 3.

On appeal, Michael presents a single issue for our review: whether the Commonwealth presented sufficient evidence that he had notice his license was suspended. When reviewing challenges to the sufficiency of the evidence, our standard of review is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

> Further, in viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, the court must give the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

**Commonwealth v. Harden**, 103 A.3d 107 (Pa. Super. 2014) (citations omitted).

- 3 -

The offense of driving while operating privileges are suspended or revoked is defined as follows:

A person who drives a motor vehicle on a highway or trafficway of this Commonwealth at a time when the person's operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) or the former section 3731, because of a violation of section 1547(b)(1) (relating to suspension for refusal) or 3802 or former section 3731 or is suspended under section 1581 (relating to Driver's License Compact) for an offense substantially similar to a violation of section 3802 or former section 3731 shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $500 and to undergo imprisonment for a period of not less than 60 days nor more than 90 days.

75 Pa.C.S. § 1543(b)(1).

Regarding notice of license suspension, our Supreme Court held in *Commonwealth v. Kane*, 333 A.2d 925, 927 (Pa. 1975), that it is necessary for the Commonwealth to prove that the defendant had actual notice of a suspension in order to sustain a conviction of driving while under suspension. Since the rule in *Kane* was announced, this Court has found numerous factors[2] that, in conjunction with evidence that a notice was

_____

[2] Such factors include, but are not limited to: evidence that the defendant was verbally or in writing apprised of the license suspension during the trial or a plea, statements by the accused indicating knowledge that he or she was driving during the period in which his or her license had been suspended, evidence that PennDOT sent by mail the notice of the suspension to appellant's current address, evidence that PennDOT's notice of suspension was not returned as undeliverable, attempts by the accused to avoid detection or a citation, and any other conduct demonstrating circumstantially

*(Footnote Continued Next Page)*

mailed, satisfy the element of actual notice. **See Crockford**, 660 A.2d at 1330-31 ("[t]he Commonwealth is required to establish actual notice which may take the form of a collection of facts and circumstances that allow the fact finder to infer that a defendant has knowledge of suspension.")

Instantly, the Commonwealth presented only one piece of evidence regarding notice – Michael's Certified Driving History, which indicates that notice of the suspension was mailed on June 19, 2013. The address listed on the Certified Driving History matches the address Michael provided Officer Wise during the traffic stop. Accordingly, the Commonwealth established that notice of the suspension was mailed to Michael's current address. However, this is insufficient to establish actual notice of suspension. **See Kane**, 333 A.2d at 927 (evidence offered to prove actual notice insufficient where only evidence of actual notice was notice of suspension mailed to defendant). Because the Commonwealth was unable to prove Michael had actual notice of the suspension, we determine that the trial court did not abuse its discretion when it concluded the evidence was insufficient to sustain a conviction for driving while license suspended. **Harden**, **supra**.

Judgment of sentence reversed.

_(Footnote Continued)_ —————————

or directly appellant's knowledge of the suspension or awareness of guilt. **See, e.g.**, **Commonwealth v. Dietz**, 621 A.2d 160, 162 (Pa. Super. 1993).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/15/2015